**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PHILIP L. SMULAND,**

        **Plaintiff,**

**-vs-**                                        **Case No. 6:10-cv-281-Orl-28GJK**

**UNUM LIFE INSURANCE COMPANY OF AMERICA,**

        **Defendant.**
_____

## ORDER

This cause is before the Court on the Motion to Remand (Doc. 10) filed by Plaintiff, Philip L. Smuland. Defendant, UNUM Life Insurance Company of America ("UNUM"), has filed a memorandum in opposition (Doc. 15) thereto, and the matter is now ripe for adjudication.

After Plaintiff filed this suit in state court, UNUM removed the case, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332 by arguing that the amount in controversy exceeds $75,000. (Notice of Removal, Doc. 1). To arrive at this figure, UNUM argues that Plaintiff is asserting a claim for accrued benefits under a group disability insurance policy in the amount of $60,957.48 and an award of attorney's fees as permitted by Sections 57.041 and 627.428, Florida Statutes.[1] (Id. ¶¶11-12).

---

[1] UNUM later argues that actual amount in dispute is $63,600.08. (Doc. 15 at 3).

The amount in controversy is to be determined at the time of removal. See Leonard v. Enterprise Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002). "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000). Although attorney's fees may be included in the amount in controversy, the defendant retains the burden to identify the amount of fees.

In the present case, UNUM has not provided the requisite specific allegations or evidence of the amount of accrued attorney's fees at issue. See Jackson v. Am. Gen. Fin. Servs., Inc., No. 7:06-cv-19, 2006 WL 997614, at *2 (M.D. Ga. Apr. 17, 2006) ("[T]he allegation of attorney's fees must be specific in order for a defendant to meet the burden of proof upon removal."); Wisely v. Allstate Ins. Co., No. 8:05-cv-1659-T-24MAP, 2006 WL 2189125, at *2 (M.D. Fla. Aug. 1, 2006) (declining to consider attorney's fees in determining the amount in controversy because the defendant failed to "put forth any evidence from which a specific amount of attorneys' fees can be ascertained. Therefore, if the Court were to consider Plaintiff's demand for attorneys' fees in calculating the amount in controversy, the amount assigned to Plaintiff's demand for attorneys' fees would be based on pure speculation, since the Court has no way of determining the amount of attorneys' fees."); Wheeler v. Allstate Floridian Indem. Co., No. 3:05-cv-208, 2006 WL 1133249, at *2 n.13 (N.D. Fla. Apr. 26, 2006). In the Notice of Removal, UNUM addresses the amount of attorney's fees in a single paragraph in which UNUM asks the Court to assume—without presenting any evidence in support—that Plaintiff's attorney would receive a 40% contingency fee from the $60,957.47 in dispute—an amount equal to $24,383. (Doc. 1 ¶ 12).

UNUM then, inexplicably, adds this $24,383 to the $60,957.47 to come to an amount of $85,340.47, thereby purportedly placing the amount in controversy in excess of $75,000. (Id.).

UNUM's reliance on its assumption as to the fees to be collected by Plaintiff's attorney is insufficient to meet UNUM's burden of proof.  Accordingly, UNUM has failed to provide the Court with specific allegations as to the amount of attorneys' fees in question, and the request that this Court conduct the kind of "impermissible speculation" that the Eleventh Circuit Court of Appeals has rejected in determining the amount in controversy will not be entertained.  See Lowery v. Ala. Power Co., 483 F.3d 1184, 1220 (11th Cir. 2007). Accordingly, Plaintiff's Motion to Remand (Doc. 10) is hereby **GRANTED.**  The case is **REMANDED** to the Eighteenth Judicial Circuit in and for Seminole County, Florida, Case No. 10-CA-540-16-L.  The Clerk shall thereafter close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 30th day of April, 2010.

JOHN ANTOON II
United States District Judge

Copies furnished to Counsel of Record